IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| DALE GOETTSCH, KATHY GOETTSCH, and MARGARET STEFFEN, <br><br> Plaintiffs, <br><br> vs. <br><br> THOMAS GOETTSCH, BRIAN GOETTSCH PAUL GOETTSCH, CIRCLE G FARMS, INC., an Iowa corporation, and GOETTSCH FARMS, an Iowa partnership, <br><br> Defendants. | Case No: 5:13-cv-04053-MWB <br><br> RESISTANCE TO PLAINTIFFS' MOTION FOR REVIEW OF AND OBJECTIONS TO THE COURT'S ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' JURY DEMAND |

COME NOW Defendants, Thomas Goettsch, Brian Goettsch, Paul Goettsch, Circle G Farms, Inc., an Iowa corporation, and Goettsch Farms, an Iowa partnership (collectively referred to as "Defendants"), by and through their attorneys, and hereby resist Plaintiffs' Motion for Review of and Objections to the Court's Order Granting in Part and Denying in Part Plaintiffs' Motion to Strike Defendants' Jury Demand.

**INTRODUCTION**

Defendants timely filed a jury demand as part of their Answer to Plaintiffs' Complaint. Plaintiffs' moved to strike Defendants' jury demand and on July 8, 2014, after briefing and oral argument, the Court issued an Order ruling that Defendants are entitled to a jury trial as to Plaintiffs' Count Two and that issues on Count Two should be tried to the jury first. Then, the Court would resolve Count One, drawing from the jury's conclusions. Defendants agree with the

1

Court's findings and conclusions and request that Magistrate Judge's Order dated July 8, 2014 be upheld in its entirety.

In their Motion for Review and Objections, Plaintiffs provide a detailed factual background that is unnecessary for determining whether Magistrate Judge Strand's Order was clearly erroneous. Defendants disagree with nearly all of the facts presented in Plaintiffs' Motion for Review and Objections but do not believe it is necessary at this time to respond to each of the factual allegations. A brief summary of Defendants' factual assertions and responses to Plaintiffs' factual allegations is set forth herein and additionally in Defendants' Brief in Resistance to Plaintiff's Motion to Strike Jury Demand Pursuant to Rule 39(a)(2) and for an Order that All Issues Be Tried by the Court (Doc. 22-1, at pages 1-3).

Count One of Plaintiffs' Complaint seeks a judicial dissolution of Circle G Farms, Inc. or a mandatory buyout of the Plaintiffs' shares based on alleged acts of oppression by the individual Defendants. Defendants agree with the Court that based on the equitable nature of the claim and remedy, Count One is equitable and should be tried to the Court.

In Count Two of their Complaint, Plaintiffs assert a direct claim against the individual Defendants for breach of fiduciary duties and request money damages from defendants. This claim is based on the rental price paid by Tom Goettsch and Brian Goettsch, through their partnership, Goettsch Farms, to rent the land owned by Circle G Farms, Inc. Plaintiffs allege that Defendants are liable for damages in excess of $100,000 for breaches of fiduciary duties.

Prior to the August 4, 2012 annual meeting of directors and shareholders of Circle G, a proposal was circulated for the buyout of the shares of Paul, Dale, Margaret, and Kathy. All shareholders agreed on the buyout proposal and voted to carry out the proposal. The terms were clearly understood: each departing shareholder would receive 80 acres, $50,000 from Tom, and a

2

five-year lease with Goettsch Farms for $500/acre. The agreement was unanimous and the shares of Paul, Dale, Kathy, and Margaret shareholders were to be bought out on the terms agreed upon. Circle G was to continue with only Tom and Brian as shareholders with Tom owning 6,000 shares and Brian owning 1,000 shares.

After the agreement was reached, a recess was called and Dale, Kathy, and Margaret left the meeting before it had been adjourned. Brian, Paul and Tom continued the meeting in order to address the remaining issues on the agenda. Because Brian and Tom would be the only remaining shareholders of Circle G, Brian, Paul and Tom voted on a new five-year lease with the understanding that Brian and Tom would be the only ones affected by the new lease, which was to begin on January 1, 2013. Accordingly, they agreed to continue to rent the Circle G land to Goettsch Farms on the same terms as in the prior five-year lease, which was $8,400 per month. Tom, Brian, and Paul voted in favor of the new lease. The rent paid by Goettsch Farms to Circle G is comparable to the rents paid by Goettsch Farms for the other land they farm.

A few weeks after the annual meeting, Dale, Kathy, and Margaret informed Tom, Brian and Paul that they were backing out of the agreement. Plaintiffs breached the unanimous agreement by refusing to sign the paperwork necessary to complete the buyout of their shares. As a result, their land remained in the corporation and they retained their shares. All of the actions by Defendants that are alleged to be oppressive and any and all negative effects on Circle G and its shareholders are the direct result of Plaintiffs' breach of the unanimous agreement.

## STANDARD OF REVIEW

A district judge may only modify or set aside only those parts of a magistrate judge's order that are "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); U.S. Code § 636(b)(1)(A). It does not appear that the Eighth Circuit has interpreted the "clearly erroneous"

language in this context, but this Court has applied to this context the Eighth Circuit's interpretation of "clearly erroneous" for its own review of a district court's decision. *Catipovic v. Turley*, 957 F.Supp.2d 1003, 1006 (N.D. Iowa 2013). "A district court clearly errs if its findings are 'not supported by substantial evidence in the record, if the finding[s are] based on an erroneous view of the law, or if we are left with the definite and firm conviction that an error has been made.'" *Ostenfeld ex rel. Estate of Davis v. Delo*, 115 F.3d 1388, 1393 (8th Cir.1997). This Court has read the "contrary to law" language to mean "failure to apply or misapplication of relevant statutes, case law, or rules of procedure." *Catipovic*, 957 F.Supp.2d at 1006.

## ARGUMENT

I. **THE ORDER OF THIS COURT HOLDING THAT DEFENDANTS ARE ENTITLED TO A TRIAL BY JURY AS TO COUNT TWO AND THAT COUNT TWO SHOULD BE TRIED BEFORE COUNT ONE SHOULD BE UPHELD BECAUSE IT IS NOT CLEARLY ERRONEOUS OR CONTRARY TO LAW.**

A. **The Remedy of Money Damages Sought by Plaintiffs under Count Two Is Legal.**

In Count Two, Plaintiffs assert a direct claim for breach of fiduciary duty against the individual Defendants in their capacity as officers and directors of Circle G. Complaint ¶¶ 132–136. Plaintiffs have requested money damages from the individual Defendants. *Id.* In their briefs, Plaintiffs have tried to transform their claim for money damages into a claim for restitution or disgorgement in order to support their requests to strike Defendants' jury demand. Because this is a direct, not derivative claim, Plaintiffs have no rights to the remedies of restitution or disgorgement. During oral arguments, Plaintiffs' counsel acknowledged that the relief sought in Count Two is a money judgment against Defendants that would be satisfied from Defendants' personal assets. Money damages are a legal remedy. *InCompass IT, Inc. v. XO Comms. Servs., Inc.*, 719 F.3d 891, 896 (8th Cir. 2013).

In its Order, this Court cited the Supreme Court's *Great–West* decision, which is appropriate in this context and has not been overturned. Specifically, the Court cited the following portion of the *Great–West* decision: "[F]or restitution to lie in equity, the action generally must seek not to impose personal liability on the defendant but to restore to the plaintiff particular funds in the defendant's possession." *Great–West Life & Annuity Insurance Co. v. Knudson*, 534 U.S. 204, 213–14 (2002). As further noted by the Court, *Great–West* arose under ERISA, but lower courts have applied its definition of equitable restitution in other contexts as well, including in the context of a Seventh Amendment determination involving a claim of breach of fiduciary duty by a corporate officer. *Pereira v. Farace*, 413 F.3d 330, 340 (2nd Cir. 2005).

In this case, the damages sought are based on the amount of rent paid by Goettsch Farms to Circle G. Plaintiffs have sought compensatory money damages directly from Defendants based on the alleged low rents, which is a legal remedy. *See id.; see also Mertens v. Hewitt Assocs.*, 508 U.S. 248, 253, 255 (1993) (holding, in another ERISA case, that a claim for "compensatory damages" against a retirement plan's actuary is a legal claim). Assuming *arguendo* that rents were below market value, which is the thrust of the claim under Count Two, there are no particular funds directly belonging to Plaintiffs in Defendants possession. Based on the application of *Great–West* and *Pereira*, the remedy sought by Plaintiffs for Count Two is legal.

In their Motion, Plaintiffs cite to a case that they did not cite in their original Motion to Strike Defendants' Jury Demand, *Cigna Corp. v. Amara*, for the proposition that monetary relief should be considered an equitable remedy in this case. *Cigna* does not overturn the *Great–West* decision, but distinguishes it on factual grounds. However, the remedy sought in *Great–West* is

5

Case 5:13-cv-04053-MWB   Document 28   Filed 07/29/14   Page 5 of 9

more analogous to the present case than the remedy sought in *Cigna*, so the *Cigna* case is not applicable.

*Cigna* involves claims by retirement plan beneficiaries against their employer and pension plan for failure to comply with ERISA's nonforfeiture and age discrimination provisions. *Cigna Corp. v. Amara*¸ 131 S.Ct. 1866 (2011). *Cigna* holds that a "monetary remedy against a trustee, sometimes called a 'surcharge'" is equitable. *Id.* at 1880. The fact that the defendant in *Cigna* "is analogous to a trustee makes a critical difference." *Id.* at 1879–80 (finding that a lawsuit against a trustee or involving a trust "is the kind of lawsuit that, before the merger of law and equity, respondents could have brought only in a court of equity, not a court of law"). The holding in *Cigna* depends on the fact that surcharge against a trustee is a common law equitable remedy. *Id.* at 1879. This distinguishes *Cigna* from *Great–West* and *Pereira*, in which the remedy sought was compensatory damages. *Great–West*, 534 U.S. at 214; *Pereira*, 413 F.3d at 339

The Supreme Court case most closely analogous to the present case is *Great–West* and its analysis should control. *Great–West* has been applied in the context of a Seventh Amendment determination in a breach of fiduciary duty case. Pereira, 413 F.3d at 340. By Plaintiffs' repeated admission, they are requesting direct compensatory damages from Defendants and are not seeking restitution or surcharge on behalf of the corporation. Despite their recent attempts to re-characterize Count Two as a claim for unjust enrichment or restitution, the nature of the claim is a request for money damages directly from the individual Defendants. The money damages requested by Plaintiffs' are not funds that belong to the Plaintiffs, nor can they be traced to particular funds in the Defendants' possession. Plaintiffs are seeking to impose personal liability on Defendants and therefore the remedy sought by Plaintiffs in Count Two is legal.

6

This Court's decision was not clearly erroneous or contrary to law and Defendants are entitled to a jury trial as to Count Two.

### B. To Preserve Defendants' Constitutional Right to a Jury Trial, Count Two Should Be Tried First to the Jury.

Because Defendants have a Constitutional right to a jury trial on Count Two, all issues relating to Count Two should be tried to a jury first and then any remaining matters should be decided by the Court. "The constitutional right to a jury trial must be preserved when the litigation involves legal and equitable claims with common issues." *Smith Flooring, Inc. v. Penn. Lumbermens Mut. Ins. Co.*, 713 F.3d 933, 937 (8th Cir. 2013). "[T]he normal practice is to try both claims to a jury. In this way, the jury's verdict will conclusively settle these common issues, and only issues peculiar to the equitable claim will be left to be decided by the judge." *Id.* (quoting *Brownlee v. Yellow Freight Sys., Inc.*, 921 F.2d 745, 749 (8th Cir. 1990)). If a case involves both legal and equitable claims, there is a right to a jury trial over the legal claim and all issues common to both the legal and equitable claims. *Id.*; *Tull*, 481 U.S. at 425.

Many of the contested facts in Counts One and Two involve common issues, as both parties have noted that the breach of fiduciary duty claims of Count Two are closely related to the minority oppression claims of Count One. In order to preserve Defendants' right to a jury trial as to Count Two, all common issues should first be tried to a jury. Then the Court could resolve Count One, drawing from the jury's conclusions as to the common issues and, if necessary, fashion appropriate equitable relief.

This Court's decision that the common issues would be first tried to a jury before the Court would make a determination on equitable relief under Count One was not clearly erroneous or contrary to law.

## CONCLUSION

For the reasons stated above, Defendants respectfully request the Court deny Plaintiff's Motion for Review of and Objections to the Court's Order Granting in Part and Denying in Part Plaintiffs' Motion to Strike Defendants' Jury Demand and uphold the Order of Magistrate Judge Strand, entered on July 8, 2014.

Dated this 29th day of July, 2014.

HEIDMAN LAW FIRM, L.L.P.

By: */s/ Jacob B. Natwick*
JOHN C. GRAY, AT0002938
JACOB B. NATWICK, AT0010523
1128 Historic Fourth Street
P.O. Box 3086
Sioux City, Iowa 51102
Telephone: (712) 255-8838
Facsimile: (712) 258-6714
John.Gray@Heidmanlaw.com
Jacob.Natwick@Heidmanlaw.com

ATTORNEYS FOR DEFENDANTS
THOMAS GOETTSCH, BRIAN GOETTSCH,
PAUL GOETTSCH, CIRCLE G FARMS, INC.,
and GOETTSCH FARMS

Original to:

William W. Graham
Wesley T. Graham
317 6th Avenue, Suite 900
Des Moines, Iowa 50309

Bruce C. Recher
John N. Bisanz, Jr.
220 South Sixth Street, Suite 1800
Minneapolis, MN 55402

8

Case 5:13-cv-04053-MWB   Document 28   Filed 07/29/14   Page 8 of 9

CERTIFICATE OF SERVICE

   The undersigned hereby certifies that a true copy of the foregoing instrument was served upon the attorneys listed above at their respective addresses/e-mail addresses on July 29, 2014.

By: ___ U.S. Mail   ___ FAX
   _x_ Electronic Transmission ___ Overnight Mail
   ___ Hand Delivery  ___ Other: _____
   ___ Certified Mail

            */s/ Jacob B. Natwick*
            Jacob B. Natwick